UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION


IN RE:

ROBERT E. PARKER

DEBTOR                                                        CASE NO. 02-74320


THOMAS W. GOODMAN, JR.                                            PLAINTIFF

VS.                                                         ADV. NO. 05-7161

ROBERT E. PARKER                                                     Debtor

### MEMORANDUM OPINION AND ORDER

1.  Introduction

This matter is before the court on the Motion for Permanent Injunction filed herein by the Plaintiff ("Goodman") on January 6, 2006.  The court entered a Preliminary Injunction on December 27, 2005, and the current motion seeks to make it permanent.  The Preliminary Injunction prohibits the Defendant/Debtor ("the Debtor") from continuing to prosecute the state court action captioned *Robert E. Parker, et al. v. Thomas Goodman*, Case No. 05-CI-00979, in the Pike Circuit Court.  In entering the Preliminary Injunction, the court found that the claims and causes of action being prosecuted by the Debtor in the state court action were purchased by Lawyers Mutual Insurance Company on behalf of Goodman from the Chapter 7 estate.  The court approved that sale, in which $10,000.00 was paid for the claims and causes of action, by an order entered on September 8, 2005.

2.   <u>Factual background</u>

The Debtor filed a Chapter 7 case on November 1, 2002 (he converted his case to a Chapter 13 case on May 14, 2003, but it was re-converted to Chapter 7 on July 9, 2003).  He hired Goodman to represent him, and terminated his services on August 5, 2004.  On July 15, 2005, the Debtor commenced the above-referenced state court action against Goodman, alleging legal malpractice relating to his bankruptcy case.  One of the Debtor's state court complaint allegations, characterized as an "individual claim," is that on August 5, 2004, Goodman refused to deliver the "original case file" relating to his bankruptcy case, informing him that he could have it copied at his own expense if he desired.  Goodman then released the case file to the Debtor the next day.

Another "individual claim" is that asserted for alleged negligence which the Debtor contends resulted in his being denied a discharge.  As set out above, the entire state court action was purchased by Lawyers Mutual Insurance Company (Goodman's malpractice insurer) for $10,000.00 on behalf of Goodman from the Chapter 7 estate on August 12, 2005.  The Order Approving Sale of Malpractice Claim which was entered on September 8, 2005 stated that it approved "[t]he Trustee's 11 USC 363 public auction sale of debtor's interest in [the] legal malpractice claim[.]"  In spite of the sale, the Debtor continued to prosecute the state court action, contending that the above-referenced "individual claims" were never part of the bankruptcy estate.

3.   <u>Discussion</u>

As set out by Goodman in the Motion for Permanent Injunction, the state court action is based on claims for legal malpractice related to Goodman's representation of the Debtor in his bankruptcy case. Goodman refers to his Memorandum in Support of Motion for Preliminary Injunction which directed the court's attention to cases which have held that legal malpractice claims related to an attorney's filing of a bankruptcy or giving of advice during the bankruptcy case are sufficiently rooted in the debtor's pre-petition past to be considered part of the bankruptcy case. In *Winick & Rich, P.C. v. Strada Design Assocs., Inc. (In re Strada Design Assocs., Inc.)*, 326 B.R. 229 (Bankr. S.D. N.Y. 2005), the court considered the debtors' argument that certain legal malpractice claims were not "property of the estate" because they had arisen after the filing of the case, and determined that:

> . . . . causes of action that accrue under state law prior to the filing of a bankruptcy petition become 'property of the estate.' In addition, causes of action that accrue as a result of the filing are 'property of the estate.' . . . .
> This conclusion follows from a comparison between § 541(a)(1) and § 541(a)(7), . . . . Section 541(a)(1) deals with the debtor's interests 'as of' the commencement of the case. Section 541(a)(7) defines 'property of the estate' to include '[a]ny interest in property that the estate acquires *after* the commencement of the case.' (Emphasis added.) The latter provision plainly addresses interests that come into being after the petition is filed. If § 541(a)(1) was limited to pre-petition interests, any interests that arose at the time of filing would slip between the two subsections and not become 'property of the estate.' Section 541(a)(1), therefore, necessarily covers pre-petition interests as well as those that arise simultaneously with the commencement of the case. (Internal citations omitted).

*Id.* at 236. In *Johnson, Blakely, et al. v. Alvarez (In re Alvarez)*, 224 F.3d 1273(11th Cir. 2000), the court held that the debtor's "legal

3

malpractice cause of action was sufficiently rooted in his pre-bankruptcy past that it should be considered property of [the debtor] as of the commencement of his bankruptcy case, and thus property of the estate." *Id.* at 1279. *See also In re O'Dowd*, 233 F.3d 197 (3rd Cir. 2000).

In the case at bar, however, there is the additional, dispositive, consideration of the court-approved sale of the Debtor's interest in the malpractice claim. The sale was of the entire claim, not just parts of it. Claims that the Debtor characterizes as "individual" were not excepted out, nor were they excused from the effects of the sale. The court's September 8, 2005 Order Approving Sale of Malpractice Claim specifically provides that the "debtor's interest" in the claim was sold. The Debtor cannot go back to state court now and attempt to prosecute certain aspects of the claim that, to the extent they may ever have been his, are no longer.

For all of the foregoing reasons, the court is of the opinion that the Preliminary Injunction should be made permanent, and the court hereby so orders.

Copies to:

David M. Cantor, Esq.
John J. Mueller, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge
Dated: Thursday, February 23, 2006
(wsh)**